**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATE OF AMERICA,**

                                              **8:13-cr-296**
                                              **(GLS)**

          **v.**

**PATRICK LLOYD,**

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE UNITED STATES:**<br>HON. CARLA B. FREEDMAN<br>United States Attorney<br>14 Durkee Street<br>Room 340<br>Plattsburgh, NY 12901 | KATHERINE E. KOPITA<br>Assistant U.S. Attorney |
| 445 Broadway, Room 218<br>Albany, NY 12207 | CYRUS P. RIECK<br>Assistant U.S. Attorney |
| **FOR THE DEFENDANT:**<br>Jonathan J. Einhorn<br>129 Whitney Avenue<br>New Haven, CT 06510 | JONATHAN JAY EINHORN,<br>ESQ. |

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pursuant to 28 U.S.C. § 2255, defendant Patrick Lloyd seeks an order vacating, setting aside, or correcting his sentence. (Dkt. No. 418.) For the reasons that follow, Lloyd's motion is denied.

### II. Background

#### A. Facts

Lloyd was convicted on September 8, 2016, for his participation in a drug trafficking organization in 2012 and 2013. (Dkt. No 258 ¶ 5(a); Dkt. No. 352.) During the course of the organization's operation, Lloyd "was arrested multiple times and held in [state] custody pending a trial in state court." (Dkt. No. 258 ¶ 5(c).) At the time of sentencing in this court, Lloyd was already serving time in a New York correctional facility for attempted kidnaping, conduct which Llyod alleges was related to the drug trafficking operation. (Dkt. No. 418 ¶¶ 9,15.) Prior to his arrests relating to drug trafficking, Lloyd was convicted in New York State court for criminal sale of a controlled substance in the fourth degree. (Dkt. No. 418 ¶ 8.)

On August 6, 2015, Lloyd pleaded guilty before this court to

2

conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count I"), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A) ("Count II"). (Dkt. No. 258 ¶ 1(a).) In his plea agreement, Lloyd waived his right to appeal or collaterally attack his conviction and any sentence of life or less. (*Id*. ¶ 7.) As a part of the plea agreement, the government agreed not to seek other federal criminal charges stemming from the conduct described in the indictment or the conduct described in the factual basis for Lloyd's guilty plea. (*Id*. ¶ 2.)

On September 8, 2016, this court sentenced Lloyd to 240 months incarceration on Count I and sixty months incarceration on Count II, to run consecutively, the statutory mandatory minimum for each offense. (Dkt. No. 352 at 1.) This 300-month term of imprisonment was ordered to run concurrent with the state sentence Lloyd was already serving for the attempted kidnaping charge. (Dkt. No. 418 ¶¶ 9-10; Dkt. No. 352 at 2.)

### B. Procedural History

After this court entered judgment, Lloyd appealed. (Dkt. No. 354.) The Second Circuit Court of Appeals affirmed the judgment, but declined to address Lloyd's claim regarding ineffective assistance of counsel. (Dkt.

No. 394.) Lloyd then filed a petition for a writ of certiorari, which was subsequently denied. *See Lloyd v. United States*, 140 S.Ct. 55 (2019). Lloyd thereafter filed the pending motion.[1]

### III. Standard of Review

As pertinent here, 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States, or . . . that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A district court's final order is subject to appellate review if the applicant makes a substantial showing of the denial of a constitutional right and a circuit or district court judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c).

### IV. Discussion

Lloyd seeks habeas relief on three grounds. First, he argues that his counsel and the court "erred in not ordering the Bureau of Prisons to award him concurrent time to his state court sentence." (Dkt. No. 418 ¶ 3.)

---

[1] Lloyd did not attach an affidavit asserting relevant facts within his personal knowledge to his motion, however, he did file one after the government filed their response. (Dkt. No. 425.) Although the government's response was filed without the opportunity to consider Lloyd's affidavit and Lloyd's reply exceeds the page limit set by the local rules, out of an abundance of caution, the court will consider Lloyd's reply and affidavit.

4

Second, Lloyd claims that his counsel was constitutionally ineffective because his counsel "allowed and recommended that . . . Lloyd plead and be sentenced to a state court sentence in a related offense prior to his bing sentenced in his pending federal case." (*Id*.)  Third, Lloyd asserts that counsel was ineffective for "allow[ing] and recommend[ing] that . . . Lloyd plead guilty to a [p]lea agreement which offered him no substantive benefit." (*Id*.)

### A.  Computation of Lloyd's Sentence

Lloyd argues that, at his September 8, 2016 sentencing, the court ordered Lloyd's sentence for Count I and Count II to run concurrent with the state charge for attempted kidnaping because "the underlying state conviction [was] related" to the conduct that formed the basis of Counts I and II.  (Dkt. No. 418 ¶ 34 (quoting Dkt. No. 381 at 9).)  Lloyd asserts that the United States Bureau of Prisons has not given him full credit for the time he served in state custody leading up to his September 8, 2016 sentencing for Counts I and II.  (Dkt. No. 418 ¶ 35.)

The government argues that Lloyd's challenge of the computation of his sentence should be brought pursuant to 28 U.S.C. § 2241, after Lloyd has exhausted his administrative remedies, rather than § 2255, and, thus,

5

Lloyd's motion should be denied in this regard because it is improperly before the court. (Dkt. No. 421 at 10.) Lloyd contends that his "complaint is not with the BOP," but rather with his counsel's failure to "obtain concurrent time as promised" and the court's failure "to notify the BOP" of the concurrent sentences. (Dkt. No. 424 at 8.)

The court agrees with the government that this claim is improperly before the court as a § 2255 motion, (Dkt. No. 421 at 10), and further adds that Lloyd's claim is not supported by the record. Lloyd's reliance on the following commentary by the court at sentencing is misguided: "[a]nd I comment that I concur that the underlying State conviction is related conduct to the counts of conviction here and, therefore, the federal sentence is concurrent with the State sentence previously imposed." (Dkt. No. 381 at 9-10.) During sentencing, Lloyd's counsel inquired about Lloyd receiving credit for time served to which the court remarked that this would need to be determined by the Bureau of Prisons and New York State. (*Id*. at 10.) When Lloyd later notified the court that he did not receive credit for his time served in state court prior to his sentencing in federal court, the court issued a Text-Only Order explaining that, as is the case here, "if [Lloyd] was in primary state custody prior to the imposition of his federal

6

sentence, he would not get credit toward his federal sentence for time then served in state custody." (Dkt. No. 391) (citing *Clapper v. Langford*, 186 F. Supp. 3d 235, 237-38 (N.D.N.Y. 2016)).  The court further explained that, at the time of sentencing, the court was unaware of Lloyd's specific circumstances when his counsel inquired about credit for time served and reliance on the court's remarks at sentencing on this topic is misguided. (Dkt. No. 391.)

### B.     Ineffective Assistance of Counsel

Under *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed on a claim of ineffective assistance of counsel Lloyd must: "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation."  *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011) (citation omitted); *see Strickland*, 466 U.S. 668.  The *Strickland* standard imposes a heavy burden on Lloyd because "[the court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, viewing the actions in light of the law and circumstances confronting counsel at the time."  *Harrington v. United*

*States*, 689 F.3d 124, 129 (2d Cir. 2012) (internal quotation marks and citations omitted). In the context of a plea agreement, counsel may render objectively unreasonable performance if counsel provides advice regarding the plea agreement that is "not within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 264 (1973) (quoting *Mc.Mann v. Richardson*, 397 U.S. 759, 770-71 (1970)). Additionally, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Lloyd argues that if his counsel had "advised him [not] to plead guilty to his state court charges prior to his sentencing on the federal charges, he would have received proper credit for concurrent time on the two sentences and his [g]uideline [r]ange would have been lower." (Dkt. No. 418 ¶ 16.) Lloyd contends that the plea agreement his counsel advised him to enter into offered him no benefit because "the [g]uidelines [r]ange was the same if [he pleaded] guilty or was convicted . . . he . . . did not obtain a dismissal of any of the charges, and . . . his [p]lea was based upon a threat that . . . the [g]overnment would file additional charges

8

against him." (*Id*. ¶ 25.)  Additionally, in consideration of the plea agreement, Lloyd waived a then-pending motion to suppress.  (*Id*. ¶ 27.)

The government argues that Lloyd has failed to satisfy either prong of the *Strickland* test.  (Dkt. No. 421 at 1.)  The government asserts that Lloyd has not supported his claim that counsel was ineffective with any facts and "fail[ed] to establish that his attorney's conduct was anything close to objectively unreasonable," noting that Lloyd's "conclusory assertions are insufficient" to satisfy *Strickland*.  (*Id*. at 9.)  Moreover, the government contends that Lloyd has failed to establish prejudice as not once does he allege that, but for his counsel's advise, he would have proceeded to trial.  (*Id*. at 7.)  The government also correctly states that Lloyd is incorrect that his Guidelines range would have been lower had he not previously pleaded guilty to the state charge.  (*Id*. at 8.)  Moreover, the government contends that Lloyd did receive a benefit from his plea agreement, namely achieving finality in the charges against him and, in return for his plea, the government agreed not to bring any further charges relating to the underlying conduct of Counts I and II.  (*Id*. at 8.)  The government also notes that the pending motion to suppress, the adjudication of which Lloyd waived when he entered the plea agreement,

9

was without merit because the evidence seized was not the basis for either charge against Lloyd. (*Id.*)

After careful review of all of the arguments, Lloyd's assertions are conclusory and not supported by the facts in the record, and he has failed to meet the high burden imposed by *Strickland*. Lloyd has neither identified specific acts or omissions that constitute unreasonable conduct by his counsel nor alleged prejudice. Most notably, Lloyd fails to argue that, but for his counsel's advice he would have insisted on proceeding to trial. Lloyd was sentenced to the mandatory minimum for both Counts I and II; therefore, pleading guilty to the state charge prior to the federal charges had no impact on his sentence. Lloyd also fails to point to any support for his claim that he would have received credit for time served had he not pleaded to the state charge prior to pleading to the federal charges. Additionally, while Lloyd may be displeased with the consequences of entering into the plea agreement, the assertion that the plea agreement offered him no benefit is mistaken. By entering the plea, Lloyd avoided further charges brought against him and enjoyed several benefits inherent to all plea agreements, including achieving finality in the charges against him and eliminating the burdens of trial.

For the reasons set forth above, Lloyd's motion is denied and no certificate of appealability shall issue.

Accordingly, it is hereby

**ORDERED** that Lloyd's § 2255 motion (Dkt. No. 418) is **DENIED**; and it is further

**ORDERED** that no certificate of appealability shall issue pursuant to 28 U.S.C. § 2253(c); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 23, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge